13-1302-cv
St. Vincent de Paul Place, Norwich, et al. v. City of Norwich, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT: DENNIS JACOBS,
         CHESTER J. STRAUB,
                        <u>Circuit Judges</u>,
         WILLIAM F. KUNTZ,
                        <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X
St. Vincent de Paul Place, Norwich,
Inc.; and St. Joseph's Polish Roman
Catholic Congregation;
         <u>Plaintiffs-Appellants</u>;

         -v.-                                        13-1302-cv

---

\*      The Honorable William F. Kuntz, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**City of Norwich; Commission on the City Plan, City of Norwich; James Troger, in his official capacity as Building-Housing Code Enforcement Official; and James Roberts, in his official capacity as Captain of the Fire Marshal's Office;**
        **Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:                 Brian R. Smith, Timonthy D. Bates, Kathleen E. Dion, Evan J. Seeman, Robinson & Cole LLP, Hartford, CT.

FOR APPELLEES:                  Joseph Benjamin Schwartz, Michael Andrew Zizka, Murtha Cullina LLP, Hartford, CT.

    Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, J.).
    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED and REMANDED** to the district court for further proceedings.
    Appellants St. Vincent de Paul Place, Norwich, Inc. ("St. Vincent") and St. Joseph's Polish Roman Catholic Congregation ("St. Joseph's") appeal from the judgment of the United States District Court for the District of Connecticut (Eginton, J.), dismissing the complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.
    On July 9, 2012, St. Vincent obtained a temporary six month zoning permit for use of a former religious school building (the "Property") to offer food, shelter and other services to the homeless in Norwich, Connecticut. On September 14, 2012, St. Vincent submitted to appellee City of Norwich Commission on the City Plan an application for a special permit to operate permanently at the Property. That application was denied on December 18, 2012.

This litigation commenced on January 4, 2013. The complaint alleged that the denial of the special permit application violated appellants' rights under the Religious Land Use and Institutionalized Persons Act, the federal and state constitutions, and other state law.

On February 1, 2013, St. Vincent applied to the City of Norwich Zoning Board of Appeals (the "Board") for a variance.

On March 13, 2013, the district court dismissed the complaint for lack of subject matter jurisdiction on the grounds that the action was unripe. See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985). The court reasoned that, because appellants had not filed for a variance prior to bringing the suit, and because the variance application submitted thereafter had not yet been denied, appellants' "injury [was] merely speculative and may never occur." St. Vincent de Paul Place, Norwich, Inc. v. City of Norwich, No. 13-cv-00017-WWE, 2013 WL 997076 at *3, *4, 2013 U.S. Dist. LEXIS 34495 at *7, *11 (Conn. Mar. 13, 2013). The district court declined to apply the "relaxed ripeness inquiry" derived from Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002).[1] See St. Vincent, 2013 WL 997076 at *4, 2013 U.S. Dist. LEXIS 34495 at *9-10.

On appeal, appellants argue that their claims are ripe for review under the Dougherty ripeness test.

On September 23, 2013, the parties – at the behest of this panel – submitted simultaneous letter briefs confirming that appellants' application for a variance was denied by the Board on May 14, 2013. It thus appears that even under the more stringent ripeness inquiry of Williamson County, appellants' claims are now ripe. Cf. Dougherty, 282 F.3d at 89 ("It does not appear in the record before us that Dougherty either sought, or was denied, a variance. . . .

---

[1] Under Dougherty, a claim is ripe if "(1) . . . the [plaintiff] experienced an immediate injury as a result of [a defendant's] actions and (2) [if] requiring the [plaintiff] to pursue additional administrative remedies would further define their alleged injuries." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 351 (2d Cir. 2005) (citing Dougherty, 282 F.3d at 90)).

Under the circumstances, Dougherty has not received a final decision [necessary to render his claims ripe] under Williamson.").  We decline to rule on the legal effect of these changed factual circumstances, however, and instead vacate the judgment of the district court and remand to allow the district court to determine ripeness in light of this new information.[2]

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

---

[2]    We leave to the district court two remaining issues: (1) appellees' claim that the denial of the variance application by the Board renders moot appellants' underlying claims, raised for the first time in appellees' letter brief submitted on September 23, 2013; and (2) the pendency of additional suits arising from the same or similar transactions.  It would certainly appear that the district court should consider whether consolidation of this action with the two pending, consolidated actions is appropriate.